ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Debtor i2a Technologies, Inc.,

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>i2a Technologies, Inc.,<br><br><br><br><br><br><br>Debtor. | Case No. 14-44239 CN<br><br>Chapter 11<br><br>**DECLARATION OF VICTOR BATINOVICH IN SUPPORT OF MOTION FOR INTERIM APPROVAL OF CASH COLLATERAL STIPULATION BETWEEN i2a TECHNOLOGIES, INC. AND HERITAGE BANK OF COMMERCE**<br><br>Date: November ___, 2014<br>Time: 10:30 a.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

I, Victor Batinovich, declare under penalty of perjury as follows:

1. I am the Chairman and Chief Executive Officer of i2a Technologies, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case.

2. I know the following of my own personal knowledge and could and would testify competently thereto if called upon to do so.

///

Dec. of Victor Batinovich in Support of Motion for
Interim Approval of Cash Collateral Stipulation            -1-

3. The Debtor is engaged principally in the development and assembly activities related to the design, manufacturer, assembly, and packaging of a variety of semiconductors and semiconductor related products.

4. The Debtor, on October 20, 2014, commenced its Chapter 11 case by filing a Voluntary Chapter 11 petition. The Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession pursuant to the Bankruptcy Code §§ 1107 and 1108.

5. Before the filing of the Debtor's bankruptcy petition, and as part of its ongoing business operations, the Debtor obtained financing from HBC (the "Loan"), as set forth in certain financing instruments, documents and agreements (collectively the "Loan Documents"), including the following:

(a) That certain Promissory Note (the "i2a Note"), dated December 23, 2010 in the principal amount of $1,830,000, and the accompanying Business Loan Agreement, also dated December 23, 2010 (the "Business Loan Agreement");

(b) That certain Commercial Security Agreement dated December 23, 2010, (the "Security Agreement"), executed by the Debtor granting HBC a security interest in, among other personal property of the Debtor, all machinery, equipment and fixtures, inventory, accounts, instruments, general intangibles, chattel paper, all accessions, additions, replacements, and substitutions relating to any of the foregoing, and all records of any kind relating to the foregoing (including insurance, general intangibles, and other accounts proceeds);

(c) That certain Change In Terms Agreement dated July 15, 2011, changing certain terms of the Loan; and

(d) That certain Change In Terms Agreement dated March 13, 2012, changing certain terms of the Loan.

True and correct copies of the Loan Documents are attached as <u>Exhibit A</u> to the Cash Collateral Stipulation which is attached hereto as <u>Exhibit 1</u>.

///

///

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

6. The loan obligations of the Debtor to HBC as well as the security interests granted pursuant to the Security Agreement were perfected by HBC filing various UCC-1 Financing Statements with the California Secretary of State. True and correct copies of the UCC-1 Financing Statements are attached as <u>Exhibit B</u> to the Cash Collateral Stipulation (<u>Exhibit 2</u> hereto).

7. The Debtor is not presently aware of the existence of any liens or encumbrances on the assets of the Debtor which are the subject of the Cash Collateral Stipulation which are senior to those of HBC. Wells Fargo Bank had a junior security interest but chose to sue the Debtor and obtained a judgment against the Debtor on September 17, 2014.

8. The Debtor requires the continued use of HBC's pre-petition collateral in order to continue to operate its business. The Debtor and HBC have executed a Stipulation for Use of Cash Collateral and Adequate Protection Secured By Liens on Property of the Estate whereby the Debtor will be authorized to use approximately $126,800 of the cash collateral of HBC during the month of November 2014 pursuant to the budget attached to and made part of the Cash Collateral Stipulation.

9. The Debtor will not be able to operate and keep its doors open without the use of HBC's cash collateral. The Debtor believes that if the Debtor is forced to cease operations for any period of time, the value of the Debtor will be severely diminished.

10. I believe that the terms of the Cash Collateral Stipulation are fair and are in the best interest of the estate because it will allow the Debtor to continue to operate.

11. The Debtor is currently actively exploring ways to raise funds to pay all of its creditors, including selling a valuable piece of property owned by my wife and I.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 4th day of November, 2014 at Fremont, California.

/s/ Victor Batinovich