1   Stephen J. Kottmeier (State Bar No. 077060)
    sjk@hopkinscarley.com
2   Jay M. Ross (State Bar No. 151759)
    jross@hopkinscarley.com
3   Brent D. Meyer (State Bar No. 266152)
    bmeyer@hopkinscarley.com
4   HOPKINS & CARLEY
    A Law Corporation
5   The Letitia Building
    70 South First Street
6   San Jose, California  95113-2406

7   *mailing address:*
    P.O. Box 1469
8   San Jose, CA  95109-1469
    Telephone:    (408) 286-9800
9   Facsimile:    (408) 998-4790

10  Attorneys for Secured Creditor
    HERITAGE BANK OF COMMERCE
11
    Eric A. Nyberg, Esq. (State Bar No. 131105)
12  e.nyberg@kornfieldlaw.com
    Chris D. Kuhner, Esq. (State Bar No. 173291)
13  c.kuhner@kornfieldlaw.com
    KORNFIELD, NYBERG,
14  BENDES & KUHNER, P.C.
    1970 Broadway, Suite 225
15  Oakland, California 94612
    Telephone: (510) 763-1000
16  Facsimile: (510) 273-8669

17  Attorneys for Debtor
    I2A TECHNOLOGIES, INC.
18

19          UNITED STATES BANKRUPTCY COURT

20       FOR THE NORTHERN DISTRICT OF CALIFORNIA

21               OAKLAND DIVISION

22  | In re | Case No. 14-44239-CN |
    |---|---|
23  | I2A TECHNOLOGIES, INC., | Chapter 11 |
24  | Debtor. | **STIPULATION GRANTING SECURED CREDITOR HERITAGE BANK OF COMMERCE RELIEF FROM THE AUTOMATIC STAY** |
25
26

27          Debtor i2a Technologies, Inc. ("i2a") and Secured Creditor Heritage Bank of Commerce

28  ("HBC") hereby stipulate and agree as follows:

A. Before the filing of the petition herein, and as part of its ongoing business operations, i2a obtained financing from HBC, (the "Loan"), as set forth in certain financing instruments, documents, and agreements (collectively, the "Loan Documents"), including the following:

    1. That certain Promissory Note (the "i2a Note"), dated December 23, 2010, in the principal amount of $1,830,000.00, and the accompanying Business Loan Agreement, also dated December 23, 2010 (the "Business Loan Agreement");

    2. That certain Commercial Security Agreement dated December 23, 2010 (the "Security Agreement"), executed by i2a in consideration for HBC's grant of the i2a Loan and granting HBC a security interest in, among other personal business property of i2a, all machinery, equipment and furniture, inventory, accounts, instruments, general intangibles, chattel paper, all accessions, additions, replacements, and substitutions relating to any of the foregoing, and all records of any kind relating to the foregoing (including insurance, general intangibles, and other accounts proceeds);

    3. That certain Change In Terms Agreement dated July 15, 2011, changing certain terms of the Loan; and

    4. That certain Change In Terms Agreement dated March 13, 2012, changing certain terms of the Loan.

True copies of the foregoing i2a Loan Documents are attached hereto as **Exhibit A**.

B. HBC asserts that the obligations owing to HBC are secured by a continuing security interest in all business personal property of i2a, including all of i2a's accounts, inventory, chattel paper, contract rights, equipment, machinery, and general intangibles, and the proceeds and products thereof (the "Personal Property Collateral"). The specific collateral of HBC is described in the Loan Documents, including in particular the Security Agreement set forth in Recital A above. HBC asserts that it has perfected its security interest in the Debtor's personal business property by filing various financing statements with the California Secretary

///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

114\1175820.3

-2-

STIPULATION GRANTING SECURED CREDITOR HERITAGE BANK OF COMMERCE RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239    Doc# 40    Filed: 12/04/14    Entered: 12/04/14 14:39:49    Page 2 of 6

of State.  True copies of the foregoing UCC financing statements are attached hereto as **Exhibit B**.

C.    On October 20, 2014, Debtor filed a voluntary petition to commence the above-captioned case (the "Bankruptcy Case") under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California, Oakland Division.

D.    i2a has represented to HBC that it needs to operate for a limited period of time in order to enable it to restructure its financial affairs, including potentially obtaining new investors or selling its assets as a going concern.  i2a has further represented that it will operate according to a budget and cash flow projection during the time necessary to accomplish the foregoing.

E.    On November 10, 2014, the Court entered an Order approving i2a's Motion for Interim Approval Of Cash Collateral Stipulation Between i2a Technologies, Inc. And Heritage Bank Of Commerce (the "Interim Cash Collateral Stipulation") (Dkt. No. 36).  The Interim Cash Collateral Stipulation expires on December 1, 2014.

F.    Subject to Court approval, i2a and HBC have agreed to extend the Interim Cash Collateral Stipulation as set forth in the Second Interim Stipulation For Use Of Cash Collateral And For Adequate Protection Secured By Liens On Property Of The Estate (the "Second Interim Cash Collateral Stipulation") filed concurrently herewith.

<u>STIPULATION</u>

Now, therefore, i2a and HBC agree as follows:

1.    <u>Adequate Protection</u>.  i2a shall make adequate protection payments to HBC pursuant to the terms and conditions set forth in the Interim Cash Collateral Stipulation, and subject to Court approval, pursuant to the terms and conditions set forth in the Second Interim Cash Collateral Stipulation.

2.    <u>Relief from the Automatic Stay</u>.  On March 1, 2015, the automatic stay imposed by 11 U.S.C. § 362(a) shall be vacated, annulled, and terminated to allow HBC to exercise all of its rights and remedies under the Loan Documents and applicable non-bankruptcy law with

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

114\1175820.3
-3-
STIPULATION GRANTING SECURED CREDITOR HERITAGE BANK OF COMMERCE RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239    Doc# 40    Filed: 12/04/14    Entered: 12/04/14 14:39:49    Page 3 of 6

respect to the Personal Property Collateral, unless either:

         A.      On or before February 28, 2015, i2a pays to HBC the then outstanding balance of the Indebtedness (as defined in the Loan Documents), including all attorney fees and costs incurred by HBC to enforce its rights under the Loan Documents; or

         B.      On or before February 28, 2015, i2a has duly filed, served, and set for hearing a motion to approve the sale of assets with net proceeds of sale sufficient to pay to HBC the then outstanding balance of the Indebtedness (as defined in the Loan Documents), including all attorney fees and costs incurred by HBC to enforce its rights under the Loan Document. Any proposed sale shall have reasonable terms and reasonable conditions, including a provision that the sale shall promptly close following entry of an order approving the sale.

For purposes of this paragraph, the then outstanding balance of the Indebtedness (as defined in the Loan Documents) shall include credit for any payments that HBC hereafter receives from Ann Batinovich on account of her guaranty of i2a's obligations under the Loan Documents. Provided that Asset Reliance International, LLC remains available to conduct a sale on the same or similar terms to which it agreed pre-petition, HBC agrees that it shall use Asset Reliance International, LLC to conduct any sale of the equipment and inventory Personal Property Collateral. Should Asset Reliance International, LLC not be available on such terms, then HBC shall utilize another firm to conduct a commercially reasonable disposition of inventory and equipment Personal Property Collateral in accordance with standards of the California Commercial Code.

        3.      <u>Immediate Relief from the Automatic Stay</u>. If i2a fails to comply timely and fully with either paragraph 2.A or paragraph 2.B of this Stipulation, then upon *ex parte* application HBC shall be entitled to entry of an order granting it complete and immediate relief from the automatic stay under section 362(a) of the Bankruptcy Code with respect to the Personal Property Collateral. The Order shall be in the form attached hereto as **Exhibit C**.

        4.      <u>Waiver of Federal Rule of Bankruptcy Procedure 4001(c)(1)</u>. The 14-day stay provided by Federal Rule of Bankruptcy Procedure 4001(c)(1) shall be waived in any order granting HBC relief from the automatic stay pursuant to this Stipulation.

Case: 14-41239   Doc# 40   Filed: 12/04/14   Entered: 12/04/14 14:59:49   Page 4 of 6

5. <u>Relief from Stay Under Cash Collateral Stipulations</u>. This Stipulation is without prejudice to HBC seeking relief from the automatic stay prior to February 28, 2015, for cause including for breach by i2a of provisions of either the Interim Cash Collateral Stipulation or the Second Interim Cash Collateral Stipulation, and the Debtor reserves all rights and argument which may exist to oppose any such motion for relief from stay.

6. <u>Terms of Stipulation Cannot Be Modified Without HBC Consent</u>. The terms of this Stipulation cannot be modified, altered, or changed by i2a or any Chapter 11 Plan of Reorganization filed in the above-captioned case or any confirmation order entered thereon, without the express written consent of HBC. Further, i2a agrees that any Chapter 11 Plan of Reorganization filed in the above-captioned case shall indicate that i2a has stipulated to relief from the automatic stay with respect to the Personal Property Collateral as set forth in this Stipulation.

7. <u>Headings</u>. The headings in this Stipulation are for the convenience of the Parties only and do not form a part of this Stipulation.

8. <u>Counterparts</u>. This Stipulation may be executed in counterparts.

9. <u>Approval of Second Interim Cash Collateral Stipulation</u>. This Stipulation and the Parties' agreement hereto are conditioned upon approval by the Bankruptcy Court of the Second Interim Cash Collateral Stipulation.

///
///
///
///
///
///
///
///
///
///

Hopkins & Carley
Attorneys At Law
San Jose

114\1175820.3

-5-

1    10.    Approval By Court. This Stipulation and the Parties' agreement thereto are
2    conditioned upon approval of the Bankruptcy Court.
3        IT IS SO STIPULATED.
4
5                                           HERITAGE BANK OF COMMERCE
6    Dated: December 3, 2014
                                           By:
7                                              Raul Garcia
                                               Vice President
8
9                                          I2A TECHNOLOGIES, INC.
10   Dated: December 3, 2014
                                           By:
11                                            Victor Batinovich
                                              President
12   APPROVED AS TO FORM:
13
14                                         HOPKINS & CARLEY
                                           A Law Corporation
15   Dated: December 3, 2014
                                           By:
16                                            Stephen J. Rottmeier
                                              Attorneys for Secured Creditor
17                                            Heritage Bank of Commerce
18                                         KORNFIELD, NYBERG, BENDES &
19                                         KUHNER, P.C.
20   Dated: December 4, 2014
                                           By:
21                                            Eric A. Nyberg
                                              Attorneys for Debtor and Debtor-In-
22                                            Possession i2a Technologies, Inc.
23
24
25
26
27
28

STIPULATION GRANTING SECURED CREDITOR HERITAGE BANK OF COMMERCE RELIEF FROM THE AUTOMATIC STAY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE