Stephen J. Kottmeier (State Bar No. 077060)
sjk@hopkinscarley.com
Jay M. Ross (State Bar No. 151759)
jross@hopkinscarley.com
Brent D. Meyer (State Bar No. 266152)
bmeyer@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, California 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Secured Creditor
HERITAGE BANK OF COMMERCE

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>I2A TECHNOLOGIES, INC.,<br><br>Debtor. | Case No. 14-44239-CN<br><br>Chapter 11<br><br>**SECURED CREDITOR HERITAGE BANK OF COMMERCE'S MOTION TO APPROVE JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: January 15, 2015<br>Time: 10:30 a.m.<br>Judge: Hon. Charles Novak<br>Courtroom: 215 |

Secured Creditor Heritage Bank of Commerce ("HBC") hereby files this motion (the "Motion") and seeks entry of an order approving the joint Stipulation Granting Secured Creditor Heritage Bank Of Commerce Relief From The Automatic Stay (the "Stipulation for Relief from Stay"), entered into by and between Debtor i2a Technologies, Inc. ("Debtor") and HBC (collectively, the "Parties").

## I. BACKGROUND

Before the filing of the petition herein, and as part of its ongoing business operations, Debtor obtained financing from HBC, (the "Loan"), as set forth in certain financing instruments, documents, and agreements (collectively, the "Loan Documents"), including the following:

1. That certain Promissory Note (the "i2a Note"), dated December 23, 2010, in the principal amount of $1,830,000.00, and the accompanying Business Loan Agreement, also dated December 23, 2010 (the "Business Loan Agreement");

2. That certain Commercial Security Agreement dated December 23, 2010 (the "Security Agreement"), executed by i2a in consideration for HBC's grant of the i2a Loan and granting HBC a security interest in, among other personal business property of i2a, all machinery, equipment and furniture, inventory, accounts, instruments, general intangibles, chattel paper, all accessions, additions, replacements, and substitutions relating to any of the foregoing, and all records of any kind relating to the foregoing (including insurance, general intangibles, and other accounts proceeds);

3. That certain Change In Terms Agreement dated July 15, 2011, changing certain terms of the Loan; and

4. That certain Change In Terms Agreement dated March 13, 2012, changing certain terms of the Loan.

True and correct copies of the Loan Documents are attached as **Exhibit A** to the Stipulation for Relief from Stay.

The loan obligations of Debtor to HBC as well as the security interests granted pursuant to the Commercial Security Agreement were duly perfected by HBC filing various UCC-1 Financing Statements with the California Secretary of State. True and correct copies of the UCC-1 Financing Statements are attached as **Exhibit B** to the Stipulation for Relief from Stay.

The Court previously entered an Order approving the Stipulation For Use Of Cash Collateral And For Adequate Protection Secured By Liens On Property Of The Estate (the "First Interim Cash Collateral Stipulation"). *See* Dkt. No. 36. However, the First Interim Cash Collateral Stipulation expired on December 1, 2014. *See* Dkt. No. 19.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

823\1176365.1 -2-
SECURED CREDITOR HERITAGE BANK OF COMMERCE'S MOTION TO APPROVE JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239    Doc# 46    Filed: 12/08/14    Entered: 12/08/14 14:15:58    Page 2 of 5

Debtor asserts that it will not be able to operate and keep its doors open without the use of HBC's cash collateral, and Debtor requires the continued use of HBC's collateral in order to continue to operate its business. To that end, Debtor and HBC have each agreed and executed (i) the Stipulation for Relief from Stay and; (ii) the Second Stipulation For Use Of Cash Collateral And For Adequate Protection Secured By Liens On Property Of The Estate (the "Second Interim Cash Collateral Stipulation"). *See* Dkt. Nos. 40-41. Pursuant to the Second Interim Cash Collateral Stipulation, Debtor seeks to use approximately $111,760.00 of HBC's cash collateral for the month of December 2014, plus such additional cash collateral that will be set forth in subsequent operating budget and cash flow projections. *See* Dkt. No. 41. Debtor will file a motion to seek approval of the Second Interim Cash Collateral Stipulation, but at this time has not filed such motion. The material provisions of the Stipulation for Relief from Stay are discussed in detail below.

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Bankruptcy Procedure 4001(d)(1)(A)(iii) provide that a party may file a motion seeking approval of an agreement to modify or terminate the automatic stay provided for under section 362 of the Bankruptcy Code. The motion must contain "a concise statement of the relief requested … that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the agreement." Fed. R. Bankr. P. 4001(d)(1)(B). The purpose of Rule 4001(d) is to "protect the interest of the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may have an interest in, or be affected by, such an agreement." *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991) (citation omitted).

### B. Relief Requested

By this Motion, HBC seeks approval of the terms and conditions set forth in the Stipulation for Relief from Stay entered into by and between Debtor and HBC.

### C. Material Provisions

The material provisions of the Stipulation for Relief from Stay are as follows:

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

823\1176365.1 -3-
SECURED CREDITOR HERITAGE BANK OF COMMERCE'S MOTION TO APPROVE JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239  Doc# 46  Filed: 12/08/14  Entered: 12/08/14 14:15:58  Page 3 of 5

1. Debtor shall make adequate protection payments to HBC in an amount not less than $8,000.00 per month pursuant to the terms and conditions set for in the Second Interim Cash Collateral Stipulation. (*See* Dkt. No. 40, ¶ 1).

2. On March 1, 2015, HBC shall be granted complete and immediate relief from the automatic stay imposed by 11 U.S.C. § 362(a) to exercise all of its rights and remedies under the Loan Documents with respect to the Personal Property Collateral, unless either:

    A. On or before February 28, 2015, Debtor pays to HBC the then outstanding balance of the Indebtedness (as defined in the Loan Documents), including all attorney fees and costs incurred by HBC to enforce its rights under the Loan Documents; or

    B. On or before February 28, 2015, Debtor has duly filed, served, and set for hearing a motion to approve the sale of assets with net proceeds of sale sufficient to pay to HBC the then outstanding balance of the Indebtedness (as defined in the Loan Documents), including all attorney fees and costs incurred by HBC to enforce its rights under the Loan Document. (*See* Dkt. No. 40, ¶ 2).

3. If HBC is granted relief from the automatic stay, then Asset Reliance International, LLC or another firm selected by HBC will conduct a commercially reasonable disposition of the Personal Property Collateral in accordance with the standards set forth in the California Commercial Code. (*See* Dkt. No. 40, ¶ 2).

4. HBC may seek relief from the automatic stay prior to February 28, 2015, for cause including for breach by Debtor of provisions of the Second Interim Cash Collateral Stipulation, and Debtor reserves all rights and argument which may exist to oppose any such motion for relief from stay. (*See* Dkt. No. 40, ¶ 5).

5. Debtor cannot seek to modify, alter, or change any terms of the Stipulation for Relief from Stay through a Chapter 11 Plan of Reorganization without the express written consent of HBC. (*See* Dkt. No. 40, ¶ 6).

6. The Stipulation for Relief from Stay and the Parties' agreement thereto are conditioned upon approval by the Bankruptcy Court of the Second Interim Cash Collateral Stipulation. (*See* Dkt. No. 40, ¶ 9).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

823\1176365.1 -4-
SECURED CREDITOR HERITAGE BANK OF COMMERCE'S MOTION TO APPROVE JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239   Doc# 46   Filed: 12/08/14   Entered: 12/08/14 14:15:58   Page 4 of 5

In short, the Stipulation for Relief from Stay and the Second Interim Cash Collateral Stipulation allow Debtor continued use of HBC's cash collateral for approximately 90 days to conduct business operations while Debtor seeks new financing or a buyer for its business assets. In the event that Debtor is unable to obtain timely new financing or a buyer for its business assets, then HBC will be granted relief from the automatic stay to conduct a commercially reasonable disposition of its Personal Property Collateral in accordance with the standards set forth in the California Commercial Code.

### III. CONCLUSION

Based on the forgoing, HBC respectfully requests that the Court enter an order granting this Motion and approving the terms of the Stipulation for Relief Stay entered into by and between Debtor and HBC.

Dated: December 8, 2014

HOPKINS & CARLEY,
A Law Corporation

By: /s/ Stephen J. Kottmeier
Stephen J. Kottmeier
Brent D. Meyer
Attorneys for Secured Creditor
HERITAGE BANK OF COMMERCE

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

823\1176365.1 -5-
SECURED CREDITOR HERITAGE BANK OF COMMERCE'S MOTION TO APPROVE JOINT STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 14-44239    Doc# 46    Filed: 12/08/14    Entered: 12/08/14 14:15:58    Page 5 of 5