ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Debtor i2a Technologies, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>i2a Technologies, Inc.,<br><br>Debtor. | Case No. 14-44239 CN<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date: March 26, 2015<br>Time: 10:30 a.m.<br>Ctrm: 215<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, California |

i2a Technologies, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), submits the following status conference statement in connection with the continued status conference set for March 26, 2015.

### I. EVENTS SINCE THE LAST STATUS CONFERENCE

As was set forth in the prior status conference statement, Victor Batinovich and his wife, Ann, owned a single family residence located in Los Altos, California (the "Real Property"). The Real Property was put on the market by the Batinovichs with the goal of raising funds to pay down the obligations of Heritage Bank of Commerce ("Heritage") and Wells Fargo Bank ("Wells"). The Batinovichs were also liable for the debts of the Debtor to Heritage and Wells. A buyer was

found for the Real Property and escrow for the sale of the Real Property closed on March 17, 2015. As a result of the sale, Heritage was paid approximately $1,125,905 and Wells was paid approximately $48,067.

In addition to the sale of the Real Property, the Batinovichs were able to obtain a loan against their personal residence located in San Martin, California. The loan amount obtained by the Batinovichs was $800,000. The Batinovichs used the bulk of the loan proceeds to pay the sum of approximately $705,185 to Heritage and $25,000 to Wells.

The combined result of the sale of the Real Property and the proceeds of the loan is that Heritage Bank has now been paid off by the Batinovichs resulting in the Debtor no longer having any liability to Heritage. In addition, the obligation of the Debtor to Wells Fargo Bank has been reduced by almost $75,000.

## II. CASH COLLATERAL ISSUES

The Debtor, pursuant to the terms of the court approved Stipulation for Use of Cash Collateral, obtained an extension of its use of cash collateral from Heritage in order to allow the Debtor to continue to operate while the Batinovichs attempted to satisfy the obligation owing to Heritage. The Debtor is working on a cash collateral agreement with Wells, to the extent that one is needed.

## III. MONTHLY OPERATING REPORTS AND U.S. TRUSTEE FEES

The United States Trustee had incorrectly billed the Debtor for the quarterly fees owing to the U.S. Trustee. The Debtor finally got the U.S. Trustee to recalculate the fees reducing the amount owing substantially. The balance owing for the last quarter of 2014 is in the process of being paid. The Debtor is not current on the filing of its operating reports, but is working to bring them current. Victor Batinovich was focusing all of his efforts on trying to obtain the loan to partially payoff Heritage and to close the sale of the Real Property to remove Heritage Bank as the largest creditor in the Debtor's case.

## IV. STATUS OF ISSUES WITH LANDLORD

The landlord of the Debtor's premises, Dolce Farr Niente, LLC, previously obtained relief from stay. The landlord subsequently served a Three Day Notice to Quit and commenced an

unlawful detainer action. The Debtor has stipulated to a Judgment of Possession in the unlawful detainer action and is still working with the landlord regarding a lease and evaluating other options regarding space from which to operate.

## V. DEBTOR'S RECOMMENDATIONS

The Debtor given that it has through the payment by the Batinovichs eliminated the single largest creditor in its case, the creditor who precipitated the filing of the Chapter 11 case, would not be opposed to the case being dismissed. The Debtor does not believe that any of the creditors would be prejudiced because all the creditors will have retained their rights against the Debtor. The Debtor is working with Wells and believes that it can work out an appropriate arrangement with Wells and if unable to, Wells will retain its rights to enforce its claim against the Debtor.

Alternatively, the Debtor would request 60 to 90 days to continue to operate and either find new investors, additional business and/or to orderly liquidate its equipment if it cannot either obtain a cash infusion or determine if it can continue as a going concern.

Dated: March 19, 2015　　　　　　　　　　　　KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By:/s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Debtor i2a Technologies, Inc.

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 19, 2015, I served the following document(s):

**STATUS CONFERENCE STATEMENT**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

| | |
|---|---|
| U.S. Trustee<br>1301 Clay Street, Suite 690N<br>Oakland, CA 94612-5202 | Stephen J. Kottmeier<br>Brent Meyer/Jay Ross<br>Hopkins & Carley<br>70 South First Street<br>San Jose, CA 95113-2406 |
| Steven B. Mains<br>Mains + Bloom, PC<br>267 Locust Ave., Suite A<br>San Rafael, CA 94901-2240 | Marc Andrews<br>John H. Wunsch<br>Office of the General Counsel<br>Wells Fargo & Company<br>21680 Gateway Center Drive, Ste. 280<br>Diamond Bar, CA 91765 |
| Joseph A. Lepera<br>Lepera & Associates, PC<br>601 Montgomery St. #665<br>San Francisco, CA 94111 | |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of March, 2015 at Oakland, California.

/s/ Gail A. Michael